UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LINDA HULST, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 12-344-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Linda Hulst's motion to compel certain discovery responses relating to whether a conflict of interest affected Defendant Aetna Life Insurance Company's decision to deny her claim for long-term disability benefits. [Record No. 24] Having reviewed the briefs filed in support of and in opposition to the motion, the Court will grant limited relief to the plaintiff. However, the majority of the additional discovery sought will be denied.

**I.    Relevant Facts**

Plaintiff Hulst was previously employed with Marriott International, Inc. ("Marriott") and covered under a group long-term disability plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Hulst claims that she became disabled on March 31, 2011, while an employee of Marriott. As a result, she filed

-1-

a claim for long-term disability ("LTD") benefits with Defendant Aetna Life Insurance Company ("Aetna"). In addition to providing long-term disability coverage to Marriott, Aetna also administers the plan. Thus, it acts in a dual role which raises the possibility of a conflict of interest.

Plaintiff Hulst filed this action on November 14, 2012, alleging that Aetna's decision to deny LTD benefits was arbitrary and capricious and not supported by substantial evidence in the record. Further, she asserts that the denial of her claim was influenced by a conflict of interest because "the decision to deny LTD benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds." [Record No. 1; Complaint, ¶ 24] In the memorandum filed in support of her motion to compel discovery, Hulst expands this argument to assert that the decision to deny LTD benefits was also influenced by individual employees' conflicts of interest. [Record No. 25, p. 2]

On April 29, 2013, Hulst served the defendant with ten interrogatories and 12 requests for production of documents. Aetna responded to these requests on May 30, 2013. The defendant's responses included a number of objections which the parties have been unable to resolve. As a result, on July 12, 2013, Plaintiff Hulst moved the Court to compel Aetna to respond to several items which have been grouped in four categories by the parties.

**II.  The Specific Discovery Requests**

    A.  <u>Bonuses and Performance Evaluations</u>

The first category of information sought through the plaintiff's motion pertains to documents and information concerning bonuses and performance information for Aetna personnel involved in making the decision to deny LTD benefits to Hulst. This includes plaintiff's Interrogatory No. 3 and corresponding Request for Production No. 1, and Interrogatory No. 7 and corresponding Request for Production Nos. 2 and 6.

Through Interrogatory No. 3, the plaintiff asks Defendant Aetna whether it had, at any time relevant to this case, "any type of incentive, bonus, or reward program or system, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims . . ." Additionally, if such program or system was identified, the defendant was asked to describe the factors or information relied upon to calculate any such bonuses. Likewise, the plaintiff's first document request sought the production of any documents which "show any type of incentive, bonus, or reward program or system, formal or informal, for said employee(s), and all documents showing how such bonus was calculated." [Record No. 25, p. 5]

Aetna's response to this interrogatory included a number of standard objections. However, following its objections, the defendant stated that,

> Aetna employees who make decisions regarding the claims of plan participants, including appeals, are paid fixed salaries and performance bonuses, which are wholly unrelated to the number of claims paid or claims denied. Defendant further states that the determination of whether a claim is payable is based upon financial information concerning the specific claim (*e.g.* medical records, financial information, occupational information, etc.) and upon the terms of the claimant's policy or plan.

[*Id.*] Aetna refused to produce documents responsive to the plaintiff's corresponding document request. Instead, it restated its general objections (*i.e.*, vague and ambiguous, overly broad and unduly burdensome, relevancy, confidential, and beyond the scope of the administrative record). Additionally, it asserted that production of the documents sought would result in the disclosure of personal and private third-party information and would violate its employees' privacy rights. [*Id.* at p. 6]

According to Hulst, the information sought through Interrogatory No. 3 and Request for Production No. 1 has been held to be discoverable in other ERISA cases within the Sixth Circuit. *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 513 (W.D.Ky. 2010) (*citing Hays v. Provident Life & Acc. Ins. Co.*, 581 F.Supp.2d 840, 844 (E.D.Ky. 2008)); *Meyers v. Prudential Ins. Co. Of Am.*, 581 F.Supp.2d 904, 914 (E.D.Tenn. 2008). However, she concedes that the information sought regarding employee performance reviews (Interrogatory No. 7 and Request for Production Nos. 2 and 6) has previously been disallowed by this Court as well as other courts within this circuit based on third-party privacy concerns. Citing unpublished decisions from other jurisdictions, Hulst argues that the Court should re-examine this request for information. *See Jacoby v. Hartford Life Insurance and Accident Insurance Company*, Civ. No. 07-cv-4627 (S.D.N.Y.), and *Gessling v. Group Long Term Disability Plan for Employees of Sprint/Unlimited Management Company*, No. 1: 07-cv-0483 (S.D.Ind.).

Aetna asserts that it has sufficient responded to plaintiff's interrogatory and document request regarding this category of discovery. And while conceding that limited discovery is permissible to allow a plaintiff to confirm whether a bonus existed which might have influenced a reviewing employee's decision to deny a particular claim, that employee's pay and personnel file is not subject to review or production. *See Busch v. Hartford Life and Acc. Ins. Co.*, 2010 U.S.Dist LEXIS 101881 (E.D.Ky. 2010) (recognizing that discovery is permissible in ERISA cases but is limited to evidence regarding whether an alleged conflict of interest affected a benefits decision). Likewise, it should not be compelled to respond regarding the employee's performance review or qualifications. *Id.*; *see also Clark v. American Electric Power System Long Term Disability Plan*, 871 F.Supp.2d 655, 660 (W.D.Ky. 2012). Instead, discovery in this area is limited to "whether the conflict affected the benefits decision of the plan administrator/payor." *Id.* (*citing Mullins, supra*, at 511.)

Having considered the parties' respective arguments, the Court concludes that the defendant has adequately responded to the majority of the information sought through Interrogatory No. 3. It has adequately explained the manner in which decisions are made with respect to the payment (or non-payment) of claims and that bonuses are not tied to those determinations. However, it does appear that bonuses are paid to its employees. And while they may not be related to payment of claims, the defendant has not identified the factors that are considered in paying employee bonuses. If those factors are communicated to employees, they may be relevant to the conflict of interest issue raised by the pleadings. Therefore,

Aetna will be required to identify the factors considered in awarding employee bonuses. To avoid confusion, Aetna will not be required to provide specific bonus information (*i.e.*, the amount of any bonus paid to any employee) and it will not be required to produce any documents in connection plaintiff's Request for Production Nos. 1, 2 or 6. With respect to plaintiff's Interrogatory No. 7, Aetna will not be required to provide any further response regarding performance evaluations. The third-party information sought through this interrogatory is not relevant to the issues presented for the Court's review.

### B. Reviewing Doctors

Through Interrogatory Nos. 5 and 6, Plaintiff Hulst seeks to determine how many times during the relevant time period each reviewing doctor was used by Aetna and how many times each reviewing-providing company was used. The plaintiff notes that similar information has been ordered produced in other cases, including cases pending before this Court. *See Pemberton v. Reliance Std. Life Ins. Co.*, 2009 U.S.Dist. LEXIS 2070 at *8 (E.D.Ky. 2009) (permitting discovery regarding the contractual connections between the insured and reviewers, financial payments paid annually to reviewers from the insurer, and the statistical date regarding the number of claims sent to reviewers, and the resulting number of denials). *See also Raney v. Life Ins. Co. of N. Am.*, 2009 U.S.Dist LEXIS 34098 (E.D.Ky. 2009); and *Bush v. Hartford Life*, *supra*. According to Hulst, the information sought in the present case is even more limited that the information sought in *Pemberton*.

In response, Aetna points out that it has provided information in discovery regarding its relationship with the three reviewing doctors that were involved in evaluation the plaintiff's claim. Based on the fact that this information has been provided, the Court concludes that additional information sought by Hulst need not be provided. The Court agrees with Aetna that, whether a reviewing doctor has previously reviewed 10 or 100 claims is not relevant to the issue of whether there is support in the administrative record for the determination made regarding Hulst's claim. *Holmstrom v. Met. Life Ins. Co.*, 615 F.3d 758, 768 (7th Cir. 2010).

        C.        Financial Influence

In Request for Production No. 7, Hulst seeks to have Aetna produce all e-mails and correspondence to or from any employee involved in the case regarding financial targets, goals, and reserves. This would include financial issues broader than the claim filed by the plaintiff. [Record No. 25, p. 12-14] Hulst explains that the goal of this document request is to determine whether any claims handler (individually or as member of a unit) was told he or she was "doing well" for meeting certain financial targets in terms of the denial of claims, closures, or return to work decisions. According to Hulst, in other unrelated cases, insurers have revealed that pressure can be placed on claims handlers by citing to targets and goals generally without singling any individual out for praise or for their denial of a specific claim. *See Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007 (9th Cir. 2007).

The defendant's response to this portion of the plaintiff's motion is included in its response to the plaintiff's request for employee performance information. [*See* Record No. 26, pp. 8-9.] For the same reasons outlined above, the Court will deny this request. The information sought is not relevant to the issues presented for the Court's review. The plaintiff has received sworn discovery responses from Aetna which address the basis for the decision to deny Hulst's LTD claim.[1] The information provided does not indicate that the decision was based either directly or indirectly on monetary or other inducements or bonuses.

D. <u>Claims Manual and Other Guiding Documents</u>

Finally, through Request for Production Nos. 5, 8, 9 and 10, Hulst seek production of Aetna's claims manual and any documents that provide guidance to claims handlers regarding how to decide when an independent medical examination ("IME") or functional capacity examination ("FCE") is warranted. The plaintiff also seek the production of documents explaining how claims handlers should weigh conflicting or contradictory medical opinions. In the present case, it is undisputed that neither an IME nor a FCE was performed in connection with Hulst's claim for LTD benefits.

The plaintiff argues that, although Aetna refused to provide either all or a portion of its claims manual, its specific and detailed answers to interrogatories indicate that the information it seeks is available and used by the defendant during the claims review process.

---

[1] In connection with this request the Court also notes that, as outlined above, the defendant will be directed to provide additional information regarding the factors utilized in awarding employee bonuses in response to Interrogatory No. 3.

[Record No. 25, pp. 15-6] However, the Court concludes that the defendant should not be compelled to produce either the entire claims manual or any portion of it in response to the plaintiff's motion to compel. As previously noted, Aetna did not obtain either an IME or a FCE in this case. Further, it was not compelled to do so. *Judge v. Metropolitan Life Ins. Co.*, 710 F.3d 651, 663 (6th Cir. 2013). While the plaintiff may argue that one or both examinations should have been preformed, the documents requested are not relevant the issue of whether a conflict of interest is presented by the defendant's handling of her claim.

### III. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Plaintiff Linda Hulst's Motion to Compel Discovery Responses [Record No. 24] is **GRANTED**, in part. Within thirty (30) days of the entry of this Memorandum Opinion and Order, Defendant Aetna Life Insurance Company is **DIRECTED** to supplement its response to Interrogatory No. 3 by providing specific information concerning the factors that are considered in paying employee bonuses if those factors are communicated directly or indirectly to employees involved in making claims determinations. The remainder of the plaintiff's motion to compel is **DENIED**.

This 17th day of October, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge